BOARD OF PUBLIC UTILITY COMMISSIONERS.

IN THE MATTER OF THE COMPLAINT OF THE PUBLIC SERVICE CO-ORDINATED TRANSPORT v. GARFIELD-PASSAIC BUS COMPANY, IN RE UNLAWFUL OPERATION OF AUTO BUSES ON THE GARFIELD-PASSAIC ROUTE.

For the Public Service Co-ordinated Transport, *Charles S. Straw.*

For the Garfield-Passaic Bus Company, *Feder & Rinzler,* by *A. J. Elias* and *John Rinzler.*

This is a complaint by the Public Service Co-ordinated Transport alleging unauthorized operation of auto buses by the Garfield-Passaic Bus Company on the Garfield-Passaic route.

This matter was heard by the board and counsel for the complainant, and the respondent stipulated as to the following facts: That the Garfield-Passaic Bus Company, the respondent, obtained permits from the municipalities of the city of Garfield and the city of Passaic in 1920, the city of Clifton having granted the permits to the bus company on July 6th, 1920; that the consents were granted before the approval of the board of public utility commissioners was necessary, and that pursuant to the permits which were granted the buses ran on a special trip, with special signs on the bus, starting out empty without a load from the garage of the bus company in Garfield, and that it did travel over Ackerman avenue bridge referred to in the complaint of the

public service, but in going over that bridge and on the entire route from the bus company's garage to the Botany Mills, which was the destination of the special trip, the bus operated empty without picking up and discharging passengers or intending to do so. At the Botany Mills the bus would then take on passagers on this special trip under the permits and would then carry them over the route which is outlined in the answer filed by the respondent and leave the passengers off at various places on the route, the last stopping place on the route being Fourth street. After reaching Fourth street, the bus being empty, it would proceed back to the garage in Garfield, traveling over the Ackerman avenue bridge, but in doing so operating empty and without any intention on the part of the company or its drivers to take on passengers, so that the special journey or trip it is alleged is lawful and not in violation of law.

The route as outlined in the answer filed by the Garfield-Passaic Bus Company is as follows: From the Botany Worsted Mills to Lake avenue, thence to Randolph avenue, thence to Clifton avenue, and thence to Fourth street, Clifton, and return.

On March 17th, 1921, the board of public utility commissioners was given jurisdiction over the operation of auto buses on routes which paralleled on the same streets, wholly or in part, the line of a street railway, municipal consents for the operation of which were approved or transferred by this board subsequent to March 17th, 1921. This act did not extend such jurisdiction to the operation of buses, permits for the operation of which were issued prior to this date, unless such permits were transferred to a new owner.

Subsequently, under date of March 24th, 1926, chapter 146, an act to amend an act entitled "An act to amend an act entitled 'An act concerning public utilities, to create a board of public utility commissioners and to prescribe its duties and powers,' approved April 21st, 1911, passed April 6th, 1921," was amended, which extended the jurisdiction of the board, but with certain limitations. Section 2 of this act contains the following:

"2. Nothing in this act contained shall be construed to include any taxicab, hotel bus, or bus employed solely for transporting school children and teachers, or *to require the approval of the board of public utility commissioners of any municipal consent, or the consent of any board of boulevard commissioners, for the operation of any auto bus heretofore granted and now in effect which before the passage of this act did not require such approval to be valid.*"

As the municipal consents for the operation of the auto buses complained of were granted prior to 1921 and have continued in effect up until the present time, the board is of the opinion that it is not necessary for the respondent to obtain the approval of this board for this operation in view of the fact that the permits were issued in the year 1920. The board finds and determines, therefore, that this operation is lawful and therefore the complaint is dismissed.